

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA

v.  405CR059

MARTIN J. BRADLEY, III, *et al.*,

ORDER UNDER SEAL

I. BACKGROUND

This criminal RICO prosecution arises from a prescription-drug-based fraud scheme advanced in varying degrees by eight individual and two corporate defendants. Doc. # 1; doc. # 106 at 2. The 288-count indictment accuses Martin J. Bradley, III of conspiring with, among others, Sara E. Griffin, in racketeering activities that defrauded state Medicaid and other programs, as well as various pharmaceutical manufacturers and wholesalers.[1]

Before the Court is the Magistrate Judge's (MJ's) Report and Recommendation (R&R), doc. # 165, to which defendant Griffin's Objections (doc. # 185) have been filed. The Government has contended, and the MJ agreed, that Griffin's counsel, Jerome J. Froelich, labors under a potential conflict of interest because he represented Sherwin Robin, an unindicted co-conspirator in this case, while Robin was a target of the grand jury's investigation into the Bradley schemes. Doc. # 165. Thus, the MJ recommends that this Court disqualify Froelich from representing Griffin. *Id.* at 17.

Griffin, now appearing through Froelich,[2] disagrees, pointing out that the Government has made no plea offer that would involve her assisting the Government in prosecuting Robin. Doc. # 185 at 2, 7. Griffin also emphasizes that Robin has obtained new counsel and waived all potential conflicts, along with Froelich's duty of loyalty and any claim to attorney-client or other privileges between himself and Froelich. *Id.* at 2, 7; *see also* doc. # 160 exh. B. She also tenders the affidavit of another lawyer, Edward Garland, who has opined that no disqualification of Froelich is warranted here. Doc. # 185 at 6-7; *see also* doc. # 160 exh. A.

Griffin acknowledged under oath that she is romantically involved and lives with Robin, a Savannah, Georgia lawyer. Doc. # 185 exh. A at 14. She also acknowledges that her defense is being paid for by the Bradleys, the leaders of the alleged fraud. *Id.* Nevertheless, she insists that in light of the facts -- especially given her own conflict waiver and Robin's full waiver of Froelich's duties to him -- she is entitled under the Sixth Amendment to the attorney of her choice.

II. ANALYSIS

The Court must balance the Government's (and the public's) interest in a fair trial against Griffin's two Sixth Amendment rights: (1) her right to be represented by the counsel of her choice, and (2) her right to a defense conducted

---

[1] Griffin, however, is named in only two counts and one of some 20 schemes set forth in the Indictment. Doc. # 185 at 9.

[2] Griffin had initially retained attorney Harvey Weitz to represent her, but she replaced him with Froelich on 6/10/05. Doc. # 165 at 2-3. After Griffin retained Froelich, Robin retained new counsel. Doc. # 185 at 10 n. 9.

by a conflict-free attorney. *U.S. v. Ross*, 33 F.3d 1507, 1523 (11th Cir. 1994). Because each criminal defendant has a presumptive right to counsel of choice, this Court should hesitate to disqualify defense counsel. *Id.* at 1522-23.

That presumption may be overcome, however, upon demonstration of an actual or serious potential for conflict. *Ross*, 33 F.3d at 1523. Conflict analysis is not limited to consideration of the defendant's rights; courts must also uphold society's independent interest in ensuring that criminal trials are conducted within ethical standards and appear fair to all who observe them. *Ross*, 33 F.3d at 1524.

In this case, attorney Froelich represented Sherwin Robin in the grand jury investigation that led to Griffin's eventual indictment. Doc. # 185 at 2-3. Robin was not indicted. Doc. # 152 at 1 n. 1. Griffin had initially retained attorney Harvey Weitz to represent her, but she replaced him with Froelich on 6/10/05. Doc. # 165 at 2-3. After Griffin retained Froelich, Robin retained new counsel. Doc. # 185 at 10 n.9.

This is therefore most appropriately analyzed as a case of *successive*, rather than *simultaneous*, representation. A defense lawyer's prior representation of a client can give rise to an actual conflict when that former client acts as a witness or has given the attorney information relevant to the new client's case. *Smith v. White*, 815 F.2d 1401, 1405 (11th Cir. 1987); *Porter v. Wainwright*, 805 F.2d 930, 939 (11th Cir. 1986); *see also Enoch v. Gramley*, 70 F.3d 1490, 1496 (7th Cir. 1995).

In this case, despite the waivers offered by both Griffin and Robin, doc. # 160 exhs. B, C, this Court agrees with the MJ that the potential for conflict demands the disqualification of attorney Froelich. While Robin is not presently a co-defendant in the case, the government maintains that he could still be indicted. Doc. # 152 at 1 n. 1. The Government also emphasizes that if Griffin wished to entertain any plea negotiations, those negotiations would likely require her to share information regarding Robin's role in the alleged schemes. Doc. # 161 at 2. Finally, even if Robin is not indicted, he may be called as a witness in the trial. *Id.* In that event, Froelich would be required to cross-examine his former client. Each of these events would present a serious potential for conflict and a significant challenge for Froelich.

Furthermore, this Court agrees with the MJ's finding that the potential for conflict here is amplified by "the vast nature of evidence in this case, the complexity of the charges, and the uncertainty regarding the direction the government's case-in-chief will take." R&R, doc. # 165 at 12. Given the size and scope of this trial, this Court is not as willing as Griffin to assume that this trial will unfold without any surprises; for example, if the nature of the relationship between Griffin and Robin changes, Robin might attempt to revoke his waiver, requiring Froelich to withdraw in the middle of a trial.

This Court has a duty to ensure that criminal trials are conducted within ethical standards and appear fair to all who observe them. *Ross*, 33 F.3d at 1524. In this case, the Georgia ethics rules seem to prohibit Froelich's acceptance of this representation: "Client consent is not permissible if the representation ... involves circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients." GA. RULES OF PROF'L CONDUCT 1.9(c)(3). This Court agrees with the MJ's recommendation that the potential for conflict here is too serious to allow Froelich's participation. First, there is a very real

possibility that the interests of Griffin and Robin will become adverse as a natural course of the proceedings; additionally, there is the possibility, noted above, that the relationship between Griffin and Robin will change such that Robin is no longer happy with the blank check he has written to Froelich to favor Griffin's interests over his own. This risk of conflict for Froelich is a risk that "no attorney should accept and that no court should countenance." *McConico v. State of Ala.*, 919 F.2d 1543, 1547 (11th Cir. 1990).

## III. CONCLUSION

Accordingly, the Court *ACCEPTS* the MJ's R&R, doc. # 165, but it has added some remarks to clarify the MJ's analysis in light of the fact that Robin is no longer a client of Froelich. *See* doc. # 165 at 6 n. 4.

This analysis was prompted by the Government's motion (doc. # 145) for inquiry regarding a possible conflict of interest, and this Court now orders that Froelich is *DISQUALIFIED* from continuing to represent defendant Sara Griffin. As ordered in the MJ's R&R, doc. # 165 at 17, Ms. Griffin shall quickly make arrangements to secure counsel with no relationship to Mr. Robin and not burdened by any conflicts of interest. If Ms. Griffin is unable to afford counsel, the Court will appoint counsel to represent her for the entirety of these proceedings.

This /2 day of September, 2005.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA    *

         vs.    *     CASE NO. CR405-59

Martin Bradley, III, et al    *

                             *

                             *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as Order dated 9-9-05, which is part of the official records of this case.

Date of Mailing: 9-9-05
Date of Certificate: 9-9-05

                                             SCOTT L. POFF, CLERK

                                             By _____

NAME:
1. Sara Griffin, 2 Shipwatch Rd, Savannah, Ga. 31406
2. Jerome Froelich, Jr., 1349 Peachtree St.W., Atlanta, Ga,
3. _____
4. _____
5. _____
6. _____
7. _____

Cert/Copy
- ☐ ☒ District Judge
- ☐ ☒ Magistrate Judge
- ☐ ☐ Minutes
- ☐ ☐ U.S. Probation
- ☐ ☐ U.S. Marshal
- ☐ ☒ U.S. Attorney
- ☐ ☐ JAG Office

Cert/Copy
- ☐ ☐ Dept. of Justice
- ☐ ☐ Dept. of Public Safety
- ☐ ☐ Voter Registrar
- ☐ ☐ U.S. Court of Appeals
- ☐ ☐ Nicole/Debbie
- ☐ ☐ Ray Stalvey
- ☐ ☐ Cindy Reynolds